IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMIAN P. as Parent and Next
Best Friend for M. P.,

      Plaintiff,

vs.                                                                 No. CIV 12-0630 JB/LFG

CEC ENTERTAINMENT INC., d/b/a as
CHUCK E CHEESE and CHERI SWEENEY
and JOHN or JANE DOES 1-5,

      Defendants.

**UNSEALED MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S SEALED FINDINGS OF FACT AND
CONCLUSION AND DISMISSING CASE, WITH PREJUDICE**[1]

**THIS MATTER** comes before the Court on the Magistrate Judge's Sealed Findings and

Recommendation, filed January 23, 2013 (Doc. 35). The Honorable Lorenzo F. Garcia, United

States Magistrate Judge, recommended that the Court dismiss the case with prejudice. See Sealed

Findings and Recommendation at 6. At the October 22, 2013 fairness hearing, counsel for all parties

waived their right to file objections to the Judge Garcia's findings and conclusion.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required

proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a

---

[1] In its Sealed Memorandum Opinion and Order, filed January 31, 2013 (Doc. 36)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or

recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73

F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit

has stated that "[i]ssues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories

raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an

unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner]

had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229

F. App'x 795, 796 (10th Cir. 2007).

       In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule

to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme

Court of the United States -- in the course of approving the United States Court of Appeals for the

Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R.Rep. No.
> 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter
> House Report).  There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate's
> report than the court considers appropriate.  Moreover, the Subcommittee that
> drafted and held hearings on the 1976 amendments had before it the guidelines of the
> Administrative Office of the United States Courts concerning the efficient use of
> magistrates.  Those guidelines recommended to the district courts that "[w]here a
> magistrate makes a finding or ruling on a motion or an issue, his determination
> should become that of the district court, unless specific objection is filed within a
> reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283
> before the Subcommittee on Improvements in Judicial Machinery of the Senate
> Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added)
> (hereinafter Senate Hearings).  The Committee also heard Judge Metzner of the
> Southern District of New York, the chairman of a Judicial Conference Committee
> on the administration of the magistrate system, testify that he personally followed
> that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and

decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed

-4-

the magistrate judge's recommendations. In <u>Workheiser v. City of Clovis</u>, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion." <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3. <u>See</u> <u>Kirven v. Curry Cnty. Det. Ctr.</u>, No. CIV 06-1212 JB/WDS, 2012 WL 4947979, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings and recommended disposition where the Court found that "the Magistrate Judge's  recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); <u>Thurlo v. Guiding Star LLC</u>, No. CIV 12-0889 JB/LFG, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); <u>Hudson v. Astrue</u>, No. CIV 11-0522 JB/CG, 2012 WL 4950751, at *3 (D.N.M. Sept. 24, 2012)(same).  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require

the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

<u>ANALYSIS</u>

At the January 22, 2013 fairness hearing that Judge Garcia conducted, attorneys for the Plaintiff and for the Defendants were present, Gabrielle M. Valdez, Plaintiff M. P.'s Guardian Ad Litem, was present, and Plaintiff Damian P., M. P.'s father, was present along with Jessica Rice, M. P.'s mother. <u>See</u> Sealed Findings and Recommendation at 3. Ms. Valdez represented to the Court that the settlement amount was reasonable and fair, based on her review of the pleadings, discovery exchanged between the parties, a videotape that showed the after effects of the underlying incident at Chuck E Cheese, photographs of M. P.'s injuries, M. P.'s medical records and billing, the proposed distribution of attorney fees and costs, mediation submissions by both parties, the rates of returns for certificates of deposits and structured settlement annuities, and a discussion of all of the above with M. P., Damian P., and J. P. <u>See</u> Sealed Findings and Recommendation at 4. Based on M. P.'s eligibility to receive a college scholarship as a member of the Isleta Pueblo, Ms. Valdez determined that it was in his best interests to receive three lump sum payments at the ages of nineteen, twenty-two, and twenty-five. <u>See</u> Sealed Findings and Recommendation at 5. M. P.'s parents, Damian P. and J. P., both testified that they understood the nature and circumstances of the settlement, that it was permanent, and that M. P. is to receive three payments; the Plaintiffs asked Judge Garcia to approve the settlement. <u>See</u> Sealed Findings and Recommendation at 6. Judge Garcia, after consideration of the evidence and testimony of the witnesses at the hearing, concluded that the settlement is fair and reasonable, and that acceptance of the settlement is in M. P.'s best interests. <u>See</u> Sealed Findings and Recommendation at 6. Judge Garcia thus recommenced that the Court approve the settlement and dismiss with prejudice M. P.'s claims against the Defendants. <u>See</u>

Sealed Findings and Recommendation at 6.

The parties in the case waived their right to object to Judge Garcia's findings and recommendations, and no party has objected.  The Court, therefore, will accept Judge Garcia's findings and recommendation unless they are  are clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  Cf.  Workheiser v. City of Clovis, 2012 WL 6846401, at *3 (adopting the Magistrate Judge's proposed findings and recommended disposition, where the parties failed to object, concluding that it was not "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.").  After reviewing Judge Garcia's Sealed Findings and Recommendation, the Court cannot say that the Judge Garcia's recommendation to approve the settlement and dismiss the case with prejudice are clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  The Court will thus adopt Judge Garcia's findings and recommendation.  See Thurlo v. Guiding Star LLC, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.").

**IT IS ORDERED** that the Sealed Findings of Fact and Conclusion,  filed January 23, 2013 (Doc. 35), are adopted by the Court, and that the action is dismissed, with prejudice.

_____
UNITED STATES DISTRICT COURT

*Counsel:*

Richard J. Valle
Criostoir O'Cleireachain
Carter & Valle Law Firm
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

Charles J. Vigil
Lisa Chavez Ortega
Christina A. Adams
Jennifer Duprez
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendants*